UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLAY G. NORTON,

        Petitioner,               Case Number: 04-71998

v.                                        HON. GEORGE CARAM STEEH

TOM BELL,

        Respondent.
_____/

## OPINION AND ORDER HOLDING PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

Petitioner Clay G. Norton has filed a *pro se* petition for a writ of habeas corpus. Petitioner is currently released on parole, under the supervision of the Oakland County Parole Office. He challenges the constitutionality of his 2001 convictions for felon in possession of a firearm and felony firearm. Because Petitioner has failed to exhaust his state court remedies for his ineffective assistance of appellate counsel claim, the Court shall hold the petition in abeyance so that Petitioner may return to state court to exhaust this unexhausted claim.

**I.**

On January 26, 2000, Petitioner who was serving a sentence of parole, was served with parole violation charges. The same incident giving rise to these parole violation charges also resulted in his being charged in Wayne County Circuit Court with carrying a concealed weapon, felon in possession, felony firearm, commission of a felony – motor

vehicle, and being a habitual offender.

On March 8, 2001, following a parole violation hearing, Petitioner's parole was revoked.  Thereafter, Petitioner entered a no contest plea in Wayne County Circuit Court to the felony-firearm and felon in possession charges.  The remaining charges against Petitioner were dismissed pursuant to a plea agreement.  On August 14, 2001, Petitioner was sentenced to two years imprisonment for the felony-firearm conviction, and one year imprisonment for the felon in possession conviction.

The trial court appointed Thomas N. Strauch to represent Petitioner on appeal.  Mr. Strauch filed a motion in the trial court requesting sentencing credit for the time between Petitioner's parole revocation and the date of sentencing.  The trial court denied the motion.  People v. Norton, No. 13933 (Wayne County Circuit Court Aug. 29, 2002).  It appears that Mr. Strauch filed no further papers on Petitioner's behalf.

Petitioner filed a *pro per* delayed application for leave to appeal in the Michigan Supreme Court, presenting the following claims:

  I.   The trial court erred in not granting defendant's entitlement to sentence credit for 518 days.

  II.  Defendant's conviction must be reversed where the trial court improperly and unconstitutionally denied defendant his Sixth and Fourteenth Amendment rights to a speedy trial.

The Michigan Court of Appeals dismissed the application for leave to appeal because it was not timely filed.  People v. Norton, No. 250516 (Mich. Ct. App. Oct. 9, 2003).  Petitioner filed a motion for reconsideration, which was denied.  People v.

Norton, No. 250516 (Mich. Ct. App. Dec. 19, 2003).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals, and the following additional claim:

> Appellate counsel rendered ineffective assistance, under state and federal constitutions, where he failed to timely appeal a post-judgment motion and his failure to file an appeal at all, violated defendants right to due process.

The Michigan Supreme Court denied leave to appeal. People v. Norton, No. 125064 (Mich. Apr. 15, 2004).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

> I.   Appellate counsel was ineffective where he failed to timely appeal a postjudgment motion and his failure to file an appeal at all, deprived Petitioner of due process under Amendments VI, XIV, of the United States Constitution and Michigan Constitution, 1963, Art. 1, § 20.
>
> II.  Petitioner's conviction must be reversed where the trial court improperly and unconstitutionally denied Petitioner his due process right to a speedy trial under the VI Amendment of the United States Constitution and Michigan Constitution, 1963, Art. 1, § 20.

## II.

Respondent argues that the petition should be dismissed because Petitioner failed to exhaust his state court remedies.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c);

3

O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).  "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (internal quotation omitted). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court.  O'Sullivan, 526 U.S. at 845.  A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns."  Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also* Prather v. Reese, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations").  State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief.  *See* Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990); *see also* Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990).  The petitioner bears the burden of showing that state court remedies have been exhausted.  Rust, 17 F.3d at 160.

   Petitioner presented his first claim for habeas corpus relief for the first time in his application for leave to appeal to the Michigan Supreme Court.  Where a claim is

presented for the first time to a state court on discretionary review, that does not constitute a "fair presentation" of the claim. Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1059 (1989). Thus, Petitioner has failed to exhaust his state court remedies with respect to this claim.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claim. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claim on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). Petitioner's unexhausted claim should be addressed to, and considered by, the state courts in the first instance.

Where a petition is "mixed," that is, it contains exhausted and unexhausted claims, a federal court may stay the mixed petition in federal court to allow the petitioner to present his unexhausted claims in the state court and then return to federal court for review of his petition, provided that the petitioner has "good cause" for his failure to present the claims in state court and that the unexhausted claims are not "plainly meritless." Rhines v. Weber, 544 U.S. __, 2005 WL 711587, * 5 (March 30, 2005). An

appellate attorney cannot be expected to raise his own ineffective assistance on appeal. Combs v. Coyle, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has good cause for failing previously to present this claim to the Michigan Court of Appeals. In addition, the Court finds that the claim is not "plainly meritless." Therefore, the Court shall stay further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claim.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at ___, 2005 WL 711587, at 5. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See* Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claim in state court within sixty days from the date of this Order. *See* id. Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See* id.; Abela v. Martin, 348 F.3d 164, 170 (6th Cir. 2003) (holding that "the limitations period is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application"). "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." Palmer, 276 F.3d at 781 (internal quotation omitted).

**III.**

Accordingly, **IT IS ORDERED** that further proceedings in this case are stayed pending exhaustion of state court remedies. The case shall be stayed provided that (i) Petitioner presents his unexhausted claim to the state court within sixty days from the date of this order, and (ii) Petitioner returns to this Court to request that the stay be lifted within sixty days of exhausting state court remedies.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: April 26, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on April 26, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk
